# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**Case No.  6:10-cr-84-Orl-31GJK**

**-vs-**

**PATRICK D. MCKENZIE**

_____

## Sentencing Memorandum

This matter came before the Court for sentencing on ___3/8/11___, 2010. The United States was represented by AUSA ___Karen Gable___. Defendant was present with his counsel, ___Steve Langs___. Also present were:

___Lisa Kindel___ (Probation Officer)

_____ (Case Agent)

On ___10/12/10___, Defendant [X] plead guilty to [ ] was convicted of the following offense(s):

Count 2 - Possession of Child Pornography

The offense(s) carry the following statutory penalties:

Up to ten years

Prior to the hearing, the Court reviewed the following document(s):

    PSR dated 12/2/10

    Defendant's sentencing memo

The parties voiced the following objections to the factual content of the PSR:

Government to paragraph(s):    None

Defendant to paragraph(s):    None

Having considered these objection(s), the Court rules as follows:

    N/A

The PSR calculated a USSG score of    30-I   . The parties voiced the following objection(s) to this score:

Government:    Obj. to Paragraph 20 - Sustained

Defendant:

Considering the above, the Court rules as follows:

   The PSR scores Defendant at 30-I; the Court considers Defendant's objections in the context of its *Booker* discretion.  Based on government objection, score becomes 26

    Departures:

    By Government: _____None_____

    _____

    By Defendant: _____None_____

    _____

    The applicable advisory guideline score is _____26-I_____.

    A USSG score of ___26-I_____ suggests the following punishment:

    Incarceration: ___63_____ to ___78_____ months;

    Fine of $____12,500_____ to $___125,000_____;

    Supervised release of ___5 years_____ to ___life_____ years;

    Restitution of $__N/A_____

    Special Assessment of $_____100_____.

    Pursuant to *Booker*, *Kimbrough*, *Gall*, and *Spears*, this score provides a benchmark from which the Court must consider the factors set forth in 18 U.S.C. Sec. 3553(a).

    The Court has considered the following policy-related factors in connection with the guideline score in this case:

    _____The various enhancements are essentially part of the crime itself and tend to grossly exaggerate Defendant's relative culpability. This concern is largely accounted for by government's objection._____

    Policy related adjustments to the guideline score: _____*See* Appendix B. I largely discount

the viability of USSG 2G2.2.   Based on data and surveys from USSC, many courts impose sentences signifciantly below the guideline.

The Court considered the following additional evidence introduced by the parties:

(1)   The Government:   Victim Impact Statements with photos

(2)   The Defendant:   Witnesses present – *see* list attached.  Also, Dr. Shaw was present but not called.

In light of the above and pursuant to 18 U.S.C. Sec. 3553 (a), I have considered the following:

(1)   The seriousness of the offense:   mid-range culpability – possession only; no contact

(2)   The history and characteristics of the Defendant:   Age, military service, family support, work ethic, psychiatric assessment, treatment; sincere remorse and shame; low risk of recidivism

(3) The need to impose a sentence sufficient but not greater than necessary to:

    (a)   Reflect the seriousness of the offense:   Moderate

    (b)   Promote respect for the law:   ✔

    (c)   Provide just punishment:   ✔

    (d)   Afford adequate deterrence:   Driving factor

    (e)    Protect the public from further crimes of the Defendant:    <u>Low risk</u>

    (f)    Provide Defendant with needed and effective education, training and treatment:    <u>N/A</u>

(4)    In addition, I have considered the following statutory factors:

    (a)    the kinds of sentences available    <u>N/A</u>

    (b)    the Guideline sentencing range and pertinent USSC policy statements    <u>Low weight</u>

    (c)    the need to avoid unwarranted sentencing disparities    <u>✔</u>

    (d)    the need to provide restitution    <u>N/A</u>

Considering each of these factors as appropriate and applicable, the Court finds that the following sentence is appropriate:

    Incarceration    <u>48 months</u>

    Supervised Release    <u>10 years</u>

    Fine    <u>-0-</u>

    Restitution    <u>N/A</u>

This sentence [ ] is within the applicable guideline [ X ] is above/<u>below</u> the guideline and represents a <u>25</u> % variance <u>below</u>/above the bottom/top of the guideline score.

Findings relevant to the sentence imposed:

deterrence is the driving factor here.  Mitigators support below-guideline variance.  Probation recommends below-guideline sentence; government – no objection to sentence imposed.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on 9th, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
PATRICK D. MCKENZIE